UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRON WORKERS' LOCAL NO. 25 PENSION
FUND; IRON WORKERS' LOCAL UNION
NO. 25, INDIVIDUAL ACCOUNT RETIREMENT
FUND; IRON WORKERS' HEALTH FUND OF
EASTERN MICHIGAN; IRON WORKERS' LOCAL
NO. 25 VACATION PAY FUND; and IRON WORKERS'
APPRENTICE FUND OF EASTERN MICHIGAN,

       Plaintiffs,

v.                                   Case No. 04-73114
                                   Honorable Patrick J. Duggan

FUTURE FENCE COMPANY,
KENNETH J. HOLLOWELL, and
JOANN HOLLOWELL.,

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 12,2006.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                 U.S. DISTRICT COURT JUDGE

      Plaintiffs brought this action seeking unpaid fringe benefit contributions allegedly

owed by Defendants pursuant to the Employee Retirement Income Security Act of 1974,

as amended 29 U.S.C. §§ 1001-1461.  According to Plaintiffs, the contributions are owed

pursuant to collective bargaining agreements between Defendant Future Fence Company

1

("Future Fence") and Local Union No. 25 of the International Association of Bridge, Structural, and Ornamental Iron Works, AFL-CIO ("Union").  Plaintiffs seek to hold Defendant Kenneth Hollowell liable for the unpaid contributions as an ERISA fiduciary. Plaintiffs filed a motion for summary judgment on May 12, 2006, which this Court granted in part and denied in part in an opinion and order entered on July 24, 2006. Presently before the Court are motions for reconsideration filed by Defendants and Plaintiffs on August 3 and 8, 2006, respectively.

In the opinion and order dated July 24, 2006, the Court concluded that Future Fence is liable to Plaintiffs for certain unpaid fringe benefit contributions.  In reaching this conclusion, the Court found that Future Fence failed to establish its defense of fraud in the execution of the initial CBA signed by Mr. Hollowell on behalf of Future Fence. This finding is the subject of Defendants' motion for reconsideration.  At issue in Plaintiffs' motion for reconsideration is the Court's further conclusion that Mr. Hollowell is not personally liable for the unpaid contributions because he was not clearly aware of his status as an ERISA fiduciary.

**Standard for Motions for Reconsideration**

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect.  *Id*.  A motion that merely presents the same issues already ruled upon by the Court shall not be

2

granted.  *Id.*

Pursuant to Rule 7.1(g), a response to a motion for reconsideration is not permitted unless the court orders otherwise.  In this case, the Court issued a notice to the parties on August 15, 2006, indicating that the Court would permit them to submit a response to the opposing party's motion, if they wanted to respond.  Defendants filed a response to Plaintiffs' motion on August 24, 2006; Plaintiffs filed a response to Defendants' motion on the same date.

### Defendants' Motion for Reconsideration

Defendants argue that the Court erred in concluding that they failed to establish fraud in the execution of the 1987-1989 CBA.  While the Court addressed Defendants' defense based on the scope of work covered under the CBA, Defendants contend the Court failed to address their second argument based on the representation made to Mr. Hollowell prior to his execution of the CBA that the CBA was a bargained-for agreement between the Fence Contractors Association and the Union.  In fact, no such association of fence contractors existed at the time and the CBA had been prepared solely by the Union.

In order to establish any type of fraud, the party asserting fraud must demonstrate that it relied to its detriment on a misrepresentation by the opposing party.  *See Iron Workers' Local No. 25 Pension Fund v. Nyeholt Steel, Inc.*, 976 F. Supp. 683, 688 (E.D. Mich. 1997) (explaining that "[f]raud in the execution arises when 'a misrepresentation as to the character or essential terms of a proposed contract induces conduct . . .'")  While Defendants asserted in response to Plaintiffs' motion for summary judgment that the

3

Union representative, Mr. Hicks, informed Mr. Hollowell that the 1987-1989 CBA was an agreement between the Fence Contractors Association and the Union– a statement that undisputedly is false– Defendants presented no evidence to show that Mr. Hollowell was induced to execute the contract based on *that* representation.  Defendants also have not pointed to any evidence supporting this assertion in their motion for reconsideration.

In their initial response, Defendants emphasized that Future Fence was working on the largest project in its history– a job at Joe Louis arena– when the Union threatened to shut down the job unless Future Fence agreed to execute the CBA and that Mr. Hollowell only agreed to execute the agreement when Mr. Hicks assured him that the scope of the agreement would not put Future Fence out of business.  As Mr. Hollowell asserted in his affidavit: "I was faced with a possibility of losing this work while, on the other hand, any agreement that required me to pay union scale, including fringes, on all work our Company did would have immediately put the Company out of business."  *See* Defs.' Resp. to Pls.' Mot. for Summ. Judgment, Ex. 1 ¶ 6.  The Court therefore concludes that it did not commit a palpable error when it rejected Defendants' fraud defense.

### Plaintiffs' Motion for Reconsideration

Plaintiffs contend that the Court committed a palpable defect when it found that Mr. Hollowell was not aware of his fiduciary duties and therefore should not be held personally liable for any unpaid contributions.  Plaintiffs argue that evidence in the record established– contrary to the Court's finding– that Mr. Hollowell knew, or should have known, that unpaid contributions became plan assets on the date they were due.

4

Specifically, Plaintiffs rely on language in the relevant CBAs incorporating the various trust documents and binding the signatory employer to those documents.  *See,* Pls.' Mot. for Reconsideration at 1.  Plaintiffs further rely on provisions in the 2001-2004 CBA and an amendment to the 1998-2001 CBA indicating that "contributions become vested plan assets at the time they become due and owing to the Fund."  *See id* at 2.

Regardless of whether the CBAs expressly incorporated the various trust documents and bound signatory employers to those documents, it is undisputed that Defendants never received copies of those documents and therefore could not have known what was contained therein.  Similarly, there is no evidence that Defendants ever received a copy of the amendment to the 1998-2001 CBA.  Moreover, Plaintiffs did not present this agreement to the Court in support of their motion for summary judgment. While the 2001-2004 CBA was attached as an exhibit to Plaintiffs' motion for summary judgment, Plaintiffs did not refer the Court to the language in the CBA on which they now rely.[1]  Instead, Plaintiffs rested their argument regarding Mr. Hollowell's personal liability solely on the definition of "plan assets" contained in the trust documents, only one of which they submitted for the Court's review.  *See* Pls.' Br. in Supp. of Mot. for Summ. Judgment at 9 and n.5.  For that reason, and because Defendants never received the trust documents, the Court held that Mr. Hollowell had not been made aware of his

---

[1]Notably however, as Defendants establish in response to Plaintiffs' motion for reconsideration, the 2001-2004 CBA was sent to Future Fence only on November 4, 2002.

5

personal duties as a fiduciary.  While Plaintiffs now argue that other documents, at least

one of which Defendants received, defined plan assets in the same way as the trust

document previously submitted, courts generally do not consider arguments and

previously available evidence presented for the first time in a motion for reconsideration.

*See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.

1998); *United States v. Allen*, – F. Supp. 2d – , 2006 WL 2056499, at *1 (E.D. Mich. July

20, 2006).

        But even if the Court considered Plaintiffs' new argument and evidence and found

that Mr. Hollowell received documents defining unpaid contributions as vested plan

assets when they become due, the Court continues to hold that Mr. Hollowell cannot be

held personally liable for the unpaid contributions as Plaintiffs still have not shown that

he ever was made aware of his status as a fiduciary.  As the Court stated in its July 24

opinion and order:

> . . . courts have held that "a person should not be attributed
> fiduciary status under ERISA and held accountable for
> performance of the strict responsibilities required of him in
> that role, if he is not clearly aware of his status as a
> fiduciary."

7/24/06 Op. and Order at 21 (quoting *ITPE Pension Fund v. Hall*, 334 F.3d 1011, 1015

(11th Cir.2003) (citing *Herman v. Nationsbank Trust Co. (Georgia)*, 126 F.3d 1354, 1366

(11th Cir. 1997)).  The provisions in the CBAs defining contributions as plan assets on

the date they become due and incorporating the Funds' trust documents do not inform the

individual signing the CBAs on behalf of the employer that they personally will be held

6

liable for those contributions or that the trust documents– which neither are attached to the CBAs nor provided to the employer or individual signing the CBAs– establish the individual's personal liability for unpaid contributions.  Plaintiffs do not point to any provision in the CBAs– or in fact in any other document– specifically committing the individual signing the CBA on behalf of an employer to personal liability for ERISA contributions.

As the district court found in *Hotel Employees and Restaurant Employees International Union Welfare Fund v. Billy's 1870*, the cases do not "endorse the idea that the classification of a contribution as a plan asset automatically transforms corporate officers into plan fiduciaries." No. 03-C-8337, 2004 WL 1879986 (N.D. Ill. Aug. 12, 2004)(unpublished opinion).  In another case where trust funds attempted to demonstrate the individual defendants' liability as fiduciaries by relying solely on the definition of plan assets as including contribution receivables– as Plaintiffs do here– the district court concluded that the meaning of "plan assets" alone does not determine the individuals' liability:

> But that more realistic approach to the concept of an "asset" does not alone do the job for [the] Funds, because that is only the point of beginning for their argument.  They then seek to springboard from such inclusion of unpaid contributions as plan "assets" to the position that someone such as [the individual defendant], by diverting the funds that should be used to honor the contributions obligation, therefore becomes a plan fiduciary under 29 U.S.C. § 1002(21)(a) . . . But such a reading is too big a stretch, for it would convert every contributing employer into a plan fiduciary.  This Court cannot credit the notion that every delinquent employer's nonpayment of a contribution equates to its exercising its

> control over the "disposition" of a plan's assets, so as to
> impose fiduciary liability by reason of the nonpayment.

*Chicago Dist. Council of Carpenters Pension Fund v. Angulo*, 150 F. Supp. 2d 976, 978-79 (N.D. Ill. 2001). In the decisions Plaintiffs cited in their motion for summary judgment, judges of the Eastern District of Michigan did not hold otherwise.[2] *See* Pls.' Br. in Supp. of Mot. for Summ. Judgment at 24-25. The Court therefore concludes that it did not commit a palpable error in holding that Mr. Hollowell is not personally liable as an ERISA fiduciary for Future Fence's unpaid contributions.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' Motion for Reconsideration is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendants' Motion for Reconsideration is **DENIED**.

---

[2]Two of those cases found the individual defendant liable based on a piercing the corporate veil theory– a theory which Plaintiffs did not raise in their May 12, 2006 motion for summary judgment. *See, e.g., Ironworkers' Local No. 25 Pension Fund, et al. v. Jerico Constr., Inc., et al.*, No. 00-75062 (E.D. Mich. Nov. 27, 2002)(Hood, J.); *Ironworkers' Local No. 25 Pension Fund et al. v. Thumb Rigging & Erectors, Inc., et al.*, No. 05-70413 (E.D. Mich. Nov. 30, 2005)(Judge Cleland). In his case, Judge Zatkoff concluded that the individual defendant was liable for the corporation's unpaid contributions based on the fact that the individual signed a "Payment Agreement" pursuant to which he personally guaranteed the company's unpaid contributions to the trust funds. *See Iron Workers' Local No. 25 Pension Fund, et al. v. McGuire Steel Erection, Inc., et al.*, No. 03-71056 (E.D. Mich. June 29, 2004). Judge Edmunds' decision was premised on the defendants' failure to respond to the plaintiffs' request for admissions which established the individual defendant's status as a fiduciary and liability for the unpaid contributions. *See Operating Engineers' Local 324 Fringe Benefit Funds, et al. v. Nicolas Equipment LLC, et al.*, No. 03-74389 (E.D. Mich. Dec. 1, 2004). As Judge Battani and Judge Gadola did not set forth any analysis in their opinions on the issue of the individual defendant's liability, this Court does not find the decisions instructive here.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Michael J. Asher, Esq.
David J. Selwocki, Esq.
Thomas G. Kienbaum, Esq.
Jay C. Boger, Esq.